IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaaci Bookert,<br><br>      Plaintiff,<br><br>v.<br><br>United States Department of Justice;<br>Attorney General of the United States<br>Department of Justice;<br>United States Attorney General for the District<br>of South Carolina,<br><br>      Defendants. | C/A No.  3:09-1182-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

  This civil matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  The plaintiff, Isacci Bookert ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1331.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as frivolous.

  This court is required to liberally construe *pro se* complaints.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an

arguable basis either in law or in fact." Denton, 504 U.S. at 31. The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. Id. at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

A district court's review of a case for factual frivolousness under § 1915 is guided by the Supreme Court's decision in Denton v. Hernandez, 504 U.S. at 32. When a plaintiff proceeds *in forma pauperis*, § 1915 "gives courts the authority to 'pierce the veil of the complaint's factual allegations[,]' mean[ing] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Id. at 32. The "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff," id., and "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. However, the district court is entrusted with the discretion to dismiss the case for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." Id. "[A] court may dismiss a claim as factually frivolous only when the claim alleges facts that are 'clearly baseless', a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Id. at 32-33 (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. at 325, 328).

## DISCUSSION

Plaintiff's complaint is comprised of assertions that are barely comprehensible. Presuming that Plaintiff has set forth these statements sincerely, they are manifestly

fantastic. As assertions of fact, they cannot be given even momentary credibility. For example, a portion of the Complaint (Docket Entry 1) states verbatim:

> I am connected to some type of computer. I hear other people thoughts inside my brain. . . . The person I am connected to is trying to kill me. Every day several times a day I am hooked to a governmental device that allows two people to communicate by using there thoughts. I have loss of hearing in both ears that last 24 hours daily. The person I am hooked to is controlling my mind. My family and Jennifer Hutcherson is also hooked to the device. I am being torchered twenty four hours a day. I believe my home was broken into and someone placed electrodes in beverage containers and I, and my family consumed them.

(Docket Entry 1 at 3-4.) This excerpt is indicative of the remainder of the statements in the Complaint. As relief, Plaintiff requests monetary damages and that the "synthetic telepathy device" be deactivated.

Plaintiff's allegations are simply not believable. As the words in Denton v. Hernandez, 504 U.S. at 32 suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. Because the Supreme Court has held that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional," id. at 32-33, this case should be dismissed under § 1915(e).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

May 27, 2009  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).